## MILLER v. BOARD OF COM'RS OF BEAVER COUNTY.

No. 23470.    April 16, 1935.

L. Z. Lasley, for plaintiff in error.

John A. Spohn, Co. Atty., for defendant in error.

PER CURIAM. At the general election in November, 1924, Miller, the plaintiff, was elected treasurer for a four-year term, and in July, 1925, qualified annd assumed his duties as such. His term of office expired on the first Monday of July, 1929. At the general election in November, 1928, Frank Wheeler was elected county treasurer to succeed Miller, but failed to qualify for such office, and on July 11, 1929, the board of county commissioners of Beaver county, at a regular meeting, took the following action, as disclosed by its minutes:

"*Motion by Ellis and seconded by Davis*, owing to Frank Wheeler failing to qualify as county treasurer, I move we declare a vacancy in the office and appoint R. M. Hood to fill the term as county treasurer. Davis and Ellis voting for. Ginter absent."

Hood immediately qualified for office by taking his oath and filing the statutory bond, which bond was duly approved by the board of county commissioners of Beaver county, and thereupon made demand of Miller for possession of the office, which demand Miller refused. Hood immediately instituted proceedings in the nature of quo warranto in the district court of Beaver county, which court sustained the demurrer to his petition. Hood appealed from the decision of the trial court to this court, and on September 16, 1930, this court, in its opinion, Hood v. Miller, 144 Okla. 288, 291 P. 504, reversed and remanded the cause, with directions to the trial court to overrule defendant's demurrer and proceed in accordance with the views therein expressed. In that case, this court held:

"Where an officer is duly elected to fill a public office for a term of years, as provided by law, and where at the next succeeding general election a successor to said first officer is duly elected to said office for the ensuing term, and said successor refuses or fails to qualify for said office as required by law, such refusal or failure to qualify creates a vacancy in said office notwithstanding a statutory provision that an incumbent shall hold 'until his successor is duly elected and qualified', and the vacancy created in said office may be filled by appointment through the proper appointing authorities, and the person so appointed is entitled to hold said office as against the prior incumbent thereof."

So far as the records in the instant case disclose, no further action was taken in the quo warranto proceedings, and upon the spreading of record of the mandate, Miller surrendered possession of the office in controversy to Hood on October 1, 1930.

During the period extending from July, 1929, to his final surrender of the office on October 1, 1930, Miller had filed monthly claims for salary as county treasurer, but these claims had never been allowed nor salary paid. On October 6, 1930, Miller brought suit against the board of county commissioners for this salary, which he claimed due but unpaid. His petition he later dismissed without prejudice. On October 14, 1930, Hood, having theretofore filed his claim with the county commissioners for the salary which he claimed due for the period between his qualification and his taking possession of the office, which claim had been rejected by the board, appealed to the district court from their order of rejection. The district court directed the board of county commissioners to cause the sum in controversy to be deposited with the court clerk and directed

Miller to interplead in the appealed case, setting up what claim he made to the salary. Miller filed such interplea, in which he denied the jurisdiction of the district court to order him to interplead, and while not waiving his right, if any, to demand payment from the county, specifically stated that he did not claim he was entitled to any salary out of the fund impounded by the court's order. On November 6, 1930, the district court reversed the board of county commissioners, decreed Hood entitled to payment of the impounded fund, and adjudged that Miller has no interest therein. Thereafter, on May 22, 1931, Miller instituted this suit against the board of county commissioners, claiming salary for the term during which he occupied the office of county treasurer subsequent to the qualification of Hood, but prior to October 1, 1930. Upon trial, judgment went against him and he appealed to this court, alleging his right of recovery to be based upon the following proposition, viz.:

The judgment of this court in the former case of Hood v. Miller, being based upon allegations of the petition, does not constitute an adjudication of the facts therein alleged, and does not determine the validity of the acts of the board of county commissioners in appointing Hood county treasurer; that the commissioners did not act in accordance with law in making such appointment, and it is therefore void; that, hence, at the expiration of his elected term, Miller served as de facto county treasurer; there being no person legally appointed and qualified to hold the office, he is entitled to the statutory salary accruing during that period of time.

While there are several different questions raised by the petition in error and the briefs of counsel, it is manifest that a correct decision of the case rests upon the determination of whether or not the appointment of Hood by the board of county commissioners was a valid appointment. It is admitted by the pleadings and by the plaintiff in his evidence, that Hood made demand upon the plaintiff for the possession of the office immediately upon his appointment and qualification, and that Miller held possession of the office with full knowledge of the claims of Hood thereto. Hence, if Hood's appointment was legal, Miller is not entitled to compensation for the period of time during which he illegally and wrongfully held possession of the office. The collection of the salary is an incident to the title to the office, and one not holding the title thereto cannot collect the emoluments thereof unless there be no de jure officer claiming title. 46 C. J. 1059; 22 R. C. L. 525. The rule is well stated and the leading authorities collected in State ex rel. Cutts v. Hart, State Treas., 56 Mont. 571, 185 P. 769, 7 A. L. R. 1678, as follows:

"It is a generally recognized rule that a de facto officer cannot recover the compensation annexed to the office, and that, while the acts of such officer are valid so far as they concern the public or the rights of third persons, when he sues in his own right to recover fees or salary, due him by virtue of the office, he must show that he is an officer de jure. People v. Hopson, 1 Denio, 574; People ex rel. Corscadden v. Howe, 177 N. Y. 499, 66 L. R. A. 664, 69 N. E. 1114; People v. Potter, 63 Cal. 127; Christian v. Gibbs, 53 Miss 314; Vicksburg v. Groome (Miss.) 24 So. 306; McCure v. Wapello County, 56 Iowa, 698, 41 Am. Rep. 134, 10 N. W. 248; Samis v. King, 40 Conn. 298; Meagher v. Storey County, 5 Nev. 244; Dillon v. Myers (Pa.) Brightly, N. P. 426; Cobb v. Hammock, 82 Ark. 584, 102 S. W. 382; Eubank v. Montgomery County, 127 Ky. 261, 128 Am. St. Rep. 340, 105 S. W. 418, 16 Ann. Cas. 483; Yorks v. St. Paul, 62 Minn. 250, 64 N. W. 505. In State ex rel. Boulware v. Porter, 55 Mont. 471, 178 P. 832, this court said; 'It is nevertheless the contention that, when he (a public officer) comes into court to enforce the payment of compensation on account of his services, he must assume the burden of showing that he is in right as well as in fact a member of the house. We agree with this contention, for it is the general rule that the emoluments follow the legal title to the office.'"

This court has followed that rule in Young v. Town of Morris, 47 Okla. 743, 150 P. 684, Ann. Cas. 1918B, 450.

The appointment of Hood was made under the provisions of sections 134 and 136, C. O. S. 1921 (secs. 3410 and 3412, O. S. 1931):

Section 3410, O. S. 1931. "Vacancies in Office—Appointments. All vacancies in office, except in offices of the members of the Legislature, shall be filled by appointment;

"First. In state offices, by the Governor.

"Second. In county offices, in newly organized counties where no election has been held, by the Governor.

"Third: In all other county offices, by the county commissioners, and in the board of county commissioners, by the Governor; in the offices of justice of the peace and constable, and township officers, by the board of county commissioners; provided,

however, that if the vacancy is caused by the death, resignation or removal of an elected officer, the person appointed to fill the vacancy shall be appointed from the same political party to which the officer elected belonged, and shall serve until the next general election."

Section 3412, O. S. 1931. "Appointments to be in Writing and Filed. Appointments under the provisions of this chapter will be made in writing and filed with the Secretary of State or with the proper county officer."

The evidence indicates that the only record of the appointment is that contained in the typewritten and recorded minutes of the meeting of the board of county commissioners of July 11, 1929, as set forth hereinabove. Plaintiff in error contends that there was not a sufficient compliance with the statutes, in that there should have been an appointment in writing, separate and apart from the minutes of the board, and that same should have been filed. No authorities are cited in support of his argument.

We cannot agree with plaintiff in error. Under section 3562, C. O. S. 1921 (sec. 44, O. S. 1931), the word "writing" includes "typewriting," save where signatures are involved.

It is apparent that the requirement that the appointment be made in writing is made so that controversies over oral appointments might be eliminated, and the term "writing" used to prevent oral appointments. Section 7654, O. S. 1931, provides the method of keeping the records of acts of the board of county commissioners:

"They shall keep a book in which all orders and decisions made by them shall be recorded, except those relating to roads and bridges; and all orders for the allowance of money from the county treasury shall state on what account and to whom the allowance is made dating the same and numbering them consecutively from the first day of January to the 31st day of December, inclusive, in each year."

It is significant that no statute can be found which provides for the filing or recording of appointments made by the commissioners other than the section just quoted.

Even though a separate appointment or commission is contemplated by the statute, yet we believe the provision for its issuance to be only directory and not mandatory. This court, in School District No. 61, Payne County, v. Consolidated District

No. 2, Coyle, Logan County, 110 Okla. 263, 237 P. 1110 held:

"In general, statutory provisions directing the mode of proceeding by public officers and intended to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. 25 R. C. L. 769, sec. 16."

In Missouri Pacific R. Co. v. McIntosh, 92 Okla. 153, 218 P. 693, we held:

"When the statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election."

We think this rule of interpretation to be here applicable, and that the evidence in the record is sufficient to establish Hood's appointment. That he immediately qualified and gave his official bond, which was accepted and approved by the proper authorities, is not questioned. Certainly Hood's appointment was sufficient to withstand a collateral attack such as is made in this case.

Nor do we think that Miller is entitled to question, in this proceeding, the regularity of the acts of the board of county commissioners in appointing Hood as county treasurer. In this state, the title of one in possession of an office can be questioned only by the statutory proceedings in the nature of quo warranto. McKee v. Adair County Election Board, 36 Okla. 258, 128 P. 294; Kile v. Graham, 108 Okla. 179, 235 P. 524; Harris v. Boggess, 113 Okla. 60, 238 P. 477.

The attack upon the validity of Hood's appointment made in this case is purely collateral. Hood is not a party to this cause, and his right to hold office is only incidental to the issue of the plaintiff's right to the salary. Such an inquiry cannot be here maintained. In 46 C. J. 1006, the rule is stated:

"Title to public office cannot be attacked collaterally. The question of the status of an incumbent of an office or one returned as elected can only be determined in a direct proceeding brought for that purpose to which he is a party."

Attention is further called to the fact that under the plaintiff in error's theory

in this case, there has been no decision of any court upon the question of fact as to the regularity of Hood's appointment for the reason that the decision of the Supreme Court in Hood v. Miller, supra, determines only the sufficiency of the allegations made in the petition of that case. Upon remand of that case to the trial court, with instructions to proceed. in conformity with the opinion, Miller had a perfect right to ask and receive permission to file his answer to the petition, in which he could have directly attacked the validity of Hood's appointment. The record in this case fails to disclose any such action by him and we are compelled to assume therefrom that he failed so to do. We, therefore, conclude that having failed to raise the issue of the validity or regularity of Hood's appointment in the proper case, he is now estopped to raise it collaterally.

Having concluded that the appointment of Hood was regular, at least to the extent that its regularity cannot now be questioned by the plaintiff in error, we are forced to the conclusion that the plaintiff in error is not entitled, as a de facto county officer, to recover any compensation for his services during the term which he wrongfully prevented the de jure officer from performing the required services. Our decision on this question eliminates the necessity for our deciding any other question presented by the briefs.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. K. Zachry and J. C. Stone in the preparation of this opinion. These attorneys constituted two members of an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. Thomas I. Gibson, being the third member of said committee, did not participate in the preparation of this opinion. After the analysis of law and facts was prepared by Mr. Zachry and approved by Mr. Stone, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN. V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.