HOSKINS v. STEVENS, County Treas.

No. 32809.  Oct. 21, 1947.

*185 P. 2d 911.*

Twyford, Smith & Crowe, of Oklahoma City, and Wilson & Wilson, of Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James W. Bounds, Asst. Atty. Gen., and Haskell A. Holloman, County Atty., of Frederick, for defendant in error.

HURST, C.J.  This proceeding in mandamus was commenced by petitioner, L. Hoskins, to compel the respondent, J. Harvey Stevens, county treasurer of Tillman county, to issue petitioner a certificate tax deed covering a quarter section of land in Tillman county.

The case was tried on an agreed statement of facts, from which it appears that the land was sold to the county at the 1930 delinquent tax sale for the 1929 ad valorem taxes; that thereafter the tax sale certificate was duly assigned to petitioner who paid the ad valorem taxes for the subsequent years to and including those for 1938, and the payments were endorsed on the certificate; that the ad valorem taxes from 1939 to date have been paid by the former owner; that the land was sold at the 1946 tax resale for drainage assessments to M. Escalante; that on April 17, 1946, petitioner filed with the county clerk of Tillman county

an application for a tax deed along with the sheriff's return showing service and stating that a certificate tax deed would be demanded if redemption was not made by June 25, 1946; that the redemption period has expired and redemption has not been made; that all costs necessary for the issuance of the deed have been deposited with the county clerk, but the respondent has refused to issue the deed. This proceeding was commenced July 5, 1946. From a judgment denying the writ, the petitioner has appealed.

Petitioner contends (1) that the county treasurer cannot plead the statute of limitations for the owner, (2) that the tax sale certificate was not barred by the statute of limitations, 68 O.S. 1941 433 (e), since the payment of the 1938 taxes started the ten year statute to running anew, and (3) that to hold that the payment did not start the statute to running anew would render the same unconstitutional because a reasonable time would not be afforded the certificate holder.

The respondent contends (1) that the effect of the resale for drainage assessments was to cancel petitioner's certificate, (2) that said limitation statute is constitutional and had the effect of barring petitioner's certificate, and (3) that the statute deprives him of authority to issue a tax deed to petitioner, and he is not pleading the statute of limitations for the former owner.

The first paragraph of 68 O.S. 1941 §433 (e), the only portion that· is material to a decision of this case, provides:

"A statute of limitation of ten years is hereby fixed for tax sale certificates. No firm, association, corporation or individual holding a tax sale certificate shall be entitled to have a tax deed issued thereon after ten years shall have elapsed from the date of the issuance of said tax sale certificate. In such cases the right to such deed shall be barred by the lapse of said ten year period unless he has kept the taxes for all subsequent years endorsed thereon. The county treasurer of said county is directed to make the proper entry on the tax rolls and sales records of said county showing that said certificate has been cancelled, under the terms of this Act, and the county clerk of said county is directed to make the proper entry on his sales record showing that said certificate has been cancelled; provided that no tax sale certificate shall be cancelled under the provisions of this section until three (3) years after the effective date of this Act, **and the owners of tax sale certificates issued more than seven (7) years prior to the effective date ٖof this Act, shall have three (3) years within which to obtain tax deeds.''** (Emphasis ours.)

The first sentence fixes a ten year period of limitations. The second sentence deprives the certificate holder of the right to demand a tax deed after the period of ten years from the issuance of the certificate has elapsed. The third sentence is in effect a proviso suspending the operation of the statute after the lapse of the ten year period in the event the certificate holder keeps the subsequent taxes paid and the payment endorsed on the certificate. The fourth sentence down to the proviso has the effect of canceling the certificate and directing the county treasurer and county clerk to make a record of such cancellation after the bar of the statute is complete. The last sentence, the proviso, safeguards the rights of the holders of certificates issued more than seven years prior to the effective date of the act, May 10, 1939, by giving him three years from said date within which to obtain a deed.

1. We find no merit in the first contention of the petitioner. Mandamus lies to compel the performance of a clear legal duty. Turner v. State Election Board, 197 Okla. 153, 169 P. 2d 285. The plea of the respondent was that he is not only not under a clear legal duty to issue the deed, but that

the statute deprives him of the power to do so. He had the right to interpose the defense in his own behalf, and it is not material that the former owner is the beneficiary of the defense. The former owner is not a party to the proceeding, and the defense was not interposed in his behalf.

2. The second contention of petitioner is based upon the third sentence of section 433 (e). He contends that said provision is similar to 12 O.S. 1941 §101, the general statute of limitations, which provides that an action founded on contract may be commenced during the prescribed limitation period after part payment, acknowledgment or promise to pay. Section 101 is more than a tolling statute. It starts the statutory period to running anew. Section 433(e) does not provide that the certificate holder shall have ten years after the last payment and endorsement of taxes within which to obtain a deed. The expression in the third sentence of section 433(e) "unless he has kept the taxes for all subsequent years endorsed thereon" is in effect an exception to the limitation provision, and the rule is that "exceptions in statutes of limitation are strictly construed, and cannot be enlarged from considerations of apparent hardship or inconvenience." 34 Am. Jur. 153, §189; Cummings v. Board of Education, 190 Okla. 533, 125 P. 2d 989. Here, the petitioner did not comply with the exception so as to avoid the bar of the statute. He had three years after the effective date of section 433(e) within which to demand a tax deed, and having failed to obtain a deed during that time or to bring himself within the exception, his right to a deed is barred under the terms of the statute. We are unable to say that the payment of the subsequent taxes by the owner, so that the exception cannot operate, prevents the general limitation provision from being effective. The certificate holder, who is more interested in collecting the interest than in securing a deed and who lets the ten-year period run without exercising his right to demand a deed, acts at his peril.

3. The petitioner contends that the construction we place upon the statute, which is that urged by the respondent, renders section 433 (e) unconstitutional because it does not give the certificate holder a reasonable time within which to enforce his rights. He concedes that the Legislature may impose a statute of limitation on existing rights where none previously existed, provided a reasonable time is given after the act becomes effective within which to enforce the right, citing 16 C.J.S. 846, and he calls attention to 16 C.J.S. 726, stating the rule that the rights of the purchaser at a tax sale are protected by the contract clause of the State and Federal Constitutions.

Here, the statute gave petitioner three years after section 433(e) became effective within which to enforce his rights. That was a reasonable time. Wheeler v. Jackson, 137 U.S. 245, 34 L. Ed. 659, 11 S.Ct. 76 (six months); Tuttle v. Block, 104 Cal. 443, 38 P. 109 (15 months); Case v. Pinnick, 186 Okla. 217, 97 P. 2d 58 (under 14 months); 12 C.J. 979. The real complaint of petitioner is that the exception clause does not afford a reasonable time after the expiration of the three years. The constitutional requirement for a reasonable time would have been satisfied by the three years without any exception clause. It follows that the objections to the statute on constitutional grounds are not well founded.

In view of our decision on the statute of limitations, it is not necessary to decide whether sale of the land for drainage assessments extinguished the petitioner's tax certificate, as argued by the respondent.

Judgment affirmed.

DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.