Bill HUTCHISON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. 37190.

Supreme Court of Oklahoma.

Nov. 26, 1957.

Walter Billingsley, Tom Smith, and Rudolph Hargrave, Wewoka, Frank Seay, Seminole, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., Joe C. Looney, County Atty., Seminole County, Wewoka, for defendant in error.

BLACKBIRD, Justice.

This is an appeal from a judgment, in accord with a verdict, removing Bill Hutchison, hereinafter referred to as defendant, from office as County Attorney of Seminole County. The action in which said judgment was entered September 2nd, 1955, was instituted under the provisions of Tit. 22 O.S.1951 § 1181 et seq., in the name of the State, by the filing, in the trial court, of an "Accusation", dated June 15th of that year, presented to said court by a grand jury.

The accusation was divided into four separate "Counts" dealing respectively with alleged: "Habitual and wilful neglect of duty", "Gross partiality in office", "Corruption in office", and "Wilful maladministration." The allegations under the various Counts were set forth under various numbered "Charges", except "Count Two", where the allegations were set forth under only one charge as follows:

"Count No. Two

"That the Said Bill Hutchison Has Been Guilty of Gross Partiality in Office While Serving in His Present Term of Office.

"Charge No. 1.

"That Charles S. Carl was appointed Justice of the Peace of District No. 2, Seminole County, on the 14th day of January, 1955, and now is the duly appointed and acting Justice of the Peace in and for said District; that the said Charles S. Carl was actively engaged in the primary campaign of 1954 when Bill Hutchison was elected County Attorney of Seminole County, and that the said Charles S. Carl actively campaigned against the said Bill Hutchison in his race for County Attorney of Seminole County; that during the months of January and February, 1955, the County Attorney failed, refused and neglected to file any criminal cases before the said Justice of the Peace, Charles S. Carl, and during the month of March, 1955, filed only three or four criminal cases in Judge Charles S. Carl's court. The County Attorney filed practically all his criminal cases before Mr. Tom Greer, Justice of the Peace in District No. 1; that on or about the 20th day of January, 1955, one Tom Smith, an attorney and agent and supporter of Bill Hutchison, County Attorney, called upon said Judge Carl and advised him that the County Attorney would file some criminal cases before him and make him some money, provided the said Judge Carl would agree to support the said Bill Hutchison for County Attorney in 1956; the said Charles S. Carl refused to do so; that on or about the 10th day of February, 1955, the County Attorney, Bill Hutchison, told the said Charles S. Carl, 'Why should I help you make money to fight me with in the next election'; but that the said Charles S. Carl refused to enter into any such arrangement or agreement to support Bill Hutchison in the 1956 election; all of which constitutes gross partiality in office on the part of him, the said Bill Hutchison, County Attorney of Seminole County, Oklahoma."

After all the evidence was in and before the case was submitted to the jury, the defendant both moved for a directed verdict and demurred to the evidence on " * * * each and every count and charge thereunder." After these were overruled, and the jury had completed its deliberations, it returned a verdict finding defendant guilty on only Count Two, alleged as above quoted. By the judgment thereafter

entered, this was the only ground upon which the defendant was removed from office, the journal entry of said judgment reciting, with reference to the other counts, as follows:

"It is further found, ordered, adjudged, and decreed by the court that there is a mistrial as to the other ten charges under Counts One, Two, Three and Four * * * due to the fact that the said jury, or nine or more of their number, could not agree upon a verdict as to the guilt or innocence of the defendant on the other ten charges."

After the overruling of his motion for a new trial, and an amendment thereto, the defendant perfected the present appeal.

His argument for reversal is set forth under five propositions, the first four of which deal with alleged errors of a procedural nature. "Proposition V" pertains directly to the merits of the controversy, and, if determined in his favor will be decisive of this appeal. Said proposition is as follows:

"The alleged failure of Bill Hutchison, County Attorney of Seminole County, to file as many criminal complaints before Charlie Carl, a Justice of the Peace at Wewoka, than he did before some other justices of the peace did not constitute gross impartiality in office."

Both the State and the defendant herein agree that this is a case of first impression and that neither counsel has been able to find any reported decisions, or judicial precedents, on the question of whether a county attorney's neglect or refusal to file criminal complaints in the justice of the peace court of a particular justice of the peace is within the contemplation of the term: "Gross partiality in office", as set forth in sec. 1181, supra, as a ground for the removal of "Any officer" in the classes of officers referred to therein.

In his original brief, defendant takes the position that under Tit. 39 O.S.1951 § 528,

the County Attorney of Seminole County, along with those of other counties within the operation of said statute, may file misdemeanor cases in *any* justice of the peace court of said County, or in said county's superior or county courts, without limitation or restriction of any kind; and that defendant, as such a county attorney, would have been guilty of no legal or moral wrong if he had filed no cases whatsoever in the court of Justice of the Peace Carl. In his reply brief, defendant says that, according to the record, there are fourteen justice of the peace courts in Seminole County, and that the records of these courts offered, but refused admission, in evidence by the trial court, would have revealed that 108 cases were filed in Justice of the Peace Carl's court from February to June, 1956, and that this was more criminal cases than were filed in most of the county's fourteen justice of the peace courts during the same period.

On the other hand, the State's brief says the evidence discloses that the defendant did not file any criminal complaints in Justice of the Peace Carl's court, because Carl did not support the defendant in his campaign for the office of County Attorney; and that he subsequently refused to give said Justice of the Peace any such "business" unless he would agree to support the defendant in the next election. The State's counsel says that this appears to them to be "Gross partiality in office", and the only answer they give to defendant's argument is their assertion that an examination of the record will reveal "that the jury would have been justified in finding the defendant guilty on several of the * * * counts and charges" other than the one on which he was found guilty. Since the trial court, by decreeing a mistrial as to all charges other than Count Two, Charge 1, has obviated, in the absence of a cross appeal, any and all consideration of the sufficiency of the evidence to support any of said charges, we can only regard the latter's argument as unresponsive and inapplicable to the only issue involved

herein. Nor do we consider the number of cases defendant may, or may not, have filed in Justice of the Peace Carl's court material to said issue of: Whether or not defendant is guilty of "Gross partiality in office" as used in sec. 1181, supra.

 Assuming arguendo, that defendant neither filed nor prosecuted any case in that particular justice of the peace court, we do not think that would constitute "Gross partiality in office", as said expression is used in said statute. There have been reported judicial expressions in this State, as well as others, that seem to support the commonly accepted idea that it is, to some extent at least, a matter of personal discretion with the county attorney as to which one or more of the several justice of the peace courts of his county, he will file criminal complaints in, as long as such filing does not interfere with, or affect detrimentally; the administration of justice and the proper fulfillment of his duties relative thereto. See Vol. 23, C.J.S. Criminal Law § 1081a, Note 30, and Vol. 27 C.J.S. District and Prosecuting Attorneys § 14; 42 Am.Jur., "Prosecuting Attorneys", sec. 8. The State of Oklahoma does not contend herein that all other justices of the peace of Seminole County do not have concurrent jurisdiction with Justice of the Peace Carl as examining and committing magistrates in felony cases for offenses committed anywhere within Seminole County, (see Ex Parte Hand, 13 Okl.Cr. 614, 166 P. 449), nor does it contend that justice has in any manner been thwarted; in any of the preliminary hearings held in such cases by such other justices of the peace. In Halladay v. State Bank, 66 Mont. 111, 212 P. 861, the court held:

"The county attorney not only directs under what conditions a criminal action shall be commenced, but from the time it begins until it ends his supervision and control is complete, limited only by legal restrictions."

While our attention has been directed to no decision in this jurisdiction in which a county attorney's discretion in the prosecution of criminal cases has been described quite as broadly or unqualifiedly as in the above quotation, this State's Criminal Court of Appeals has said that such an attorney has the authority to determine "when to commence criminal actions on behalf of the State (third paragraph of the syllabus in Perry v. State, 84 Okl.Cr. 211, 181 P.2d 280) and what charges to file (Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 514, 212 P.2d 144); and it would seem that, in the absence of statute, or other "legal restriction", such attorney may file the preliminary complaint in such actions in any justice of the peace court having jurisdiction of the offense charged. Accordingly, we conclude that the term "Gross partiality in office", used in sec. 1181, supra, as it may pertain to the removal of a county attorney (assuming, without deciding that it is applicable to such office) refers only to partiality that in some way affects the administration of justice (in this connection notice Kizer v. State, 67 Okl.Cr. 16, 93 P.2d 58, and Thurmond v. State, 57 Okl.Cr. 388, 48 P.2d 845) and has no connection, or relation, to the matter of which of the justice of the peace courts of his county, complaints are filed in, especially in instances wherein it is not claimed that the administration of justice is in any way adversely affected. It follows therefore from such construction of sec. 1181, subd. "Second", that the allegations of Count Two, Charge 1, and the evidence introduced in support thereof showed no cause of action, under said statute, for the removal of the defendant. It also follows that the trial court erred in overruling defendant's demurrer to the evidence and motion for directed verdict as to that count. Its judgment is hereby reversed as to that Count and the cause is remanded to said court with directions to vacate that portion of the judgment pertaining thereto.