BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF SEMINOLE, State of Oklahoma, Plaintiff in Error,

v.

Bill HUTCHISON, Defendant in Error.

No. 40639.

Supreme Court of Oklahoma.

March 2, 1965.

Bill Biggers, Asst. County Atty. of Seminole County, Wewoka, for plaintiff in error.

Frank Seay, Seminole, and Walter Billingsley, Wewoka, for defendant in error.

BLACKBIRD, Justice.

This appeal involves the claim of the defendant in error, Bill Hutchison, to the salary of his former position of County Attorney of Seminole County. The 2-year period for which Hutchison was elected to said office commenced on the first Monday in January, 1955. Several months after he was sworn into, and began performing the duties of, said office—more particularly in the early part of June, 1955—a Seminole County grand jury presented to the District Court in said County, an "Accusation" containing various alleged grounds or "Charges" for Hutchison's removal from said office, under four separate "COUNTS", all as more fully appears from this Court's opinion in Hutchison v. State, Okl., 318 P.2d 885. This was followed by an application in said court's Cause No. 27,393, entitled "THE STATE OF OKLAHOMA -vs- BILL HUTCHISON" for Hutchison's removal from said office.

At a hearing on said application, held June 20, 1955, before trial of any of the aforementioned counts or charges against Hutchison, it was agreed between the parties to said action that the court might enter an order therein temporarily suspending Hutchison from said office; and the court, on the same day, entered such an order, " * * * pending the further orders of the court." The same day another attorney was appointed county attorney. He was later succeeded by another appointee, in October, 1955. Each of these attorneys discharged the regular duties of County Attorney, and was paid all of the salary, authorized by law for that position, for the period he served, extending to the end of Hutchison's term.

In the meantime, Cause No. 27,393, supra, came to trial and Hutchison was removed from office by verdict and judgment entered therein, all as more fully appears from Hutchison v. State, supra.

It will be noted from this court's opinion in the cited case that the judgment, which was entered in September, 1955, therein, was based upon only one of the charges alleged against Hutchison, and that the court therein declared a mistrial as to the other ten charges.

About two weeks before the trial, which ended with said judgment, a new action was filed in the same court for Hutchison's removal. It was Cause No. 27,420, entitled: "THE BOARD OF COUNTY COMMISSIONERS OF SEMINOLE COUNTY, OKLAHOMA, Plaintiff vs. BILL HUTCHISON, COUNTY ATTORNEY OF SEMINOLE COUNTY, OKLAHOMA, Defendant." The petition of the plaintiff therein purported to allege additional

grounds for Hutchison's removal that had not been alleged in Cause No. 27,393, supra.

After this court reversed the lower court's judgment in Cause No. 27,393, supra, by its opinion in Hutchison v. State, supra, Hutchison, hereinafter referred to by name or as plaintiff, commenced the present action in July, 1958, against the plaintiff in error, hereinafter referred to by name and/or as defendant, to recover for the period beginning with his suspension and ending with the expiration of his term of office, the salary prescribed by law for payment to the County Attorney of Seminole County.

In addition to some of the facts already herein related, plaintiff's petition in this action alleged, among other things, in material substance, that, after the mandate of this court in Hutchison v. State, supra, was spread of record, he filed his verified salary claim against Seminole County, in March, 1958, for the sum of $8,350.05, which was rejected by the defendant Board of County Commissioners. Plaintiff further alleged, in substance, that said rejection was wrongful, and that he was entitled to judgment for said sum, as his salary during the afore-described period, together with 6% interest from the date of his claim's rejection, and the costs of the action.

As defenses to plaintiff's action, defendant's answer alleged that plaintiff had agreed to the temporary order suspending him and that his term of office had expired on a specified date (some year and a half before commencement of this action).

Defendant also filed a motion to abate said cause until Cause No. 27,420, "has been disposed of;  *  *  *"  alleging, among other things, that the cited case was still pending, and that, if it was decided in favor of the Board, it would settle the present case, and that the court should hear it, before trying this case.

When this cause came to trial before the court, some of the foregoing facts and others unnecessary to mention, were stipulated. The court thereupon overruled defendant's motion to abate, allowed it exceptions to said ruling, and entered judgment for plaintiff as prayed for in his petition. After the overruling of defendant's motion for a new trial, it perfected the present appeal.

■ One of defendant's arguments for reversal is, in brief substance, that when the term, to which plaintiff was elected county attorney, expired, he was still under suspension; and therefore he could not lay claim to the salary of that office for that period, even as a de jure officer, and even though the judgment in Cause No. 27,393, supra, removing him was later reversed by this court in Hutchison v. State, supra. Plaintiff relies solely on Board of County Com'rs of Oklahoma County v. Litton, Okl., 315 P.2d 239, 64 A.L.R.2d 1365. He contends, in effect, that the same reasoning we used in the cited case to show that County Commissioner Litton, who was removed under Tit. 69 O.S.1951 § 323 et seq., did not lose his right to his office upon rendition of the lower court's judgment, produces a like result here. The first paragraph of the syllabus in that case is as follows:

"The term 'final judgment' was written into the provisions of Tit. 69 O.S.1951 § 327, means a judgment that is conclusive as to the parties; and, such a judgment, if duly appealed from, does not attain such conclusiveness until the appeal is finally disposed of. An official, if suspended under the provisions of said statute, is no longer suspended when such aforesaid judgment is reversed on appeal; and, in the event of a reversal, a forfeiture of his office *decreed in the judgment reversed,* never becomes effective." (Emphasis added).

In the body of our opinion in that case (315 P.2d 243) we said:

"*If* the ordering of *the forfeiture was a part of the judgment* of conviction, the judgment's reversal worked a vacation of the forfeiture to the same extent that it vacated the conviction."

*      *      *      *      *      *

 

"As plaintiff had *never* been suspended *by separate order or judgment,* there was then no effective defect in his title to the office." (Emphasis added).

In the present case Hutchison was suspended by an order that was separate and apart from, and was entered more than two months previous to, the judgment we reversed in Hutchison v. State, supra. Said reversal did not ipso facto nullify or vacate said suspension order. This is particularly true upon consideration of the hereinbefore mentioned fact that some of the charges, whose assertion brought about said suspension order, have never yet been adjudicated and are still pending. (In this connection, it is not contended that, for the purpose of determining the issue, and under the circumstances, here, the suspension order should be deemed to have merged into, or to have been superseded by, the judgment of removal). Thus, this case, on principle, is more analogous to City of Tulsa v. Parrish, Okl., 333 P.2d 564, and State ex rel. Livingston v. Maxwell, Okl., 353 P.2d 690. In the latter case, in speaking of the Parrish case, we said:

"In the cited case, we, in effect, held that a policeman could not recover for salary *during the period he was suspended* and did not perform the duties of that position, *where his suspension was never countermanded or nullified."* (Emphasis added).

Furthermore, if, as was alleged in defendant's hereinbefore mentioned motion to abate this action, other alleged causes for Hutchison's removal besides those on which a mistrial was declared in Cause No. 27,393, supra, were still pending in Cause No. 27,420, supra, at the time the present action came to trial, there was merit in said motion, and, if properly and timely presented, should have been sustained, rather than overruled.

■ With two petitions for his removal from his office still pending, and the order for his suspension therefrom still in force and effect, plaintiff's present action for the salary of county attorney was, to say the least, premature. In view of what we have said, the trial court erred in the ruling and judgment hereinbefore described. On account of said error, defendant's motion for a new trial should have been sustained and the order and/or judgment overruling it, herein appealed from, is therefore hereby reversed, and the trial court is directed to vacate it and enter a new order sustaining said motion.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.