OSCN Found Document:PRICE v. BOARD OF COUNTY COMMISSIONERS OF PAWNEE CO.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PRICE v. BOARD OF COUNTY COMMISSIONERS OF PAWNEE CO.
2016 OK 16
Case Number: 112677
Decided: 02/17/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 16, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ROGER L. PRICE, Plaintiff/Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY, OKLAHOMA, Defendant/Appellee.

ON CERTIORARI TO COURT OF CIVIL APPEALS, DIVISION I

¶0 Plaintiff/Appellant Roger L. Price appealed the trial court's denial of an alternative writ of mandamus to recover salary and retirement benefits which were withheld by the Board of County Commissioners of Pawnee County during his suspension as sheriff of Pawnee County. The Court of Civil Appeals, Division I, affirmed the trial court. Price filed his petition for writ of certiorari which was granted by this Court to consider whether Price was entitled to recover the suspended benefits without which his retirement pension would fail to vest. We hold he is entitled to the benefits because he still held the position at the time he was finally removed from office. The opinion of the Court of Civil Appeals is vacated, and the order of the trial court is reversed. This case is remanded to the trial court with directions to grant relief in favor of Price.

OPINION OF COURT OF CIVIL APPEALS IS VACATED; JUDGMENT
OF THE TRIAL COURT IS REVERSED; REMANDED TO THE TRIAL
COURT WITH DIRECTIONS

Stanley D. Monroe, Ann E. Keele, Kirsten L. Palfreyman, Tulsa, Oklahoma, for Appellant,
Rex Duncan, District Attorney, Pawnee County, Oklahoma, R. Tom Hillis, Assistant District Attorney, R. Kyle Alderson, Assistant District Attorney, Pawnee, Oklahoma, for Appellees.

OPINION

WATT, J.:

¶1 The issue in this case examines whether the salary and retirement benefits for Plaintiff/Appellant Roger L. Price were correctly denied for a particular period of time between his suspension from office as Sheriff of Pawnee County, Oklahoma, pending trial, and his removal from office. We hold the benefits were improperly denied and reverse.

PROCEDURAL BACKGROUND

¶2 On September 29, 2010, the grand jury filed an action for removal of Price as Sheriff of Pawnee County. Also, on September 29, 2010, the district court suspended Price from office pending the outcome of his trial. On October 29, 2010, before the trial, the Appellee/Defendant Board of County Commissioners of Pawnee County (Board) voted to suspend Price's pay and retirement benefits pending the outcome of his trial.[1] The trial was held November 1-3, 2010, after which he was found guilty of willful neglect of duty.[2] On November 10, 2010, the district court entered a final order removing Price from office. He was paid no salary between September 29, 2010 and November 10, 2010. Consequently, no retirement contributions were made on his behalf during that period.[3]

¶3 Price filed a petition for alternative writ of mandamus against the Board in the district court on June 19, 2013. He alleged it had failed to perform its duty under 19 O.S. §153 of paying the salary and benefits to which he was entitled as the Sheriff of Pawnee County when it suspended such benefits on October 29, 2010. He alleged further that the Board's failure damaged him by denying his lawful salary and preventing him from attaining the requisite service credits to vest his retirement benefits under the Oklahoma Public Employees Retirement System (OPERS).

 

¶4 The trial court denied his petition on February 25, 2014. He filed his appeal on March 25, 2014. It was assigned to the Court of Civil Appeals (COCA), Oklahoma City, and on April 17, 2015, Division I upheld the trial court's order. We granted certiorari.

STANDARD OF REVIEW

¶5 Statutory interpretation is a question of law which is reviewed by a de novo standard of review. Williams v. Smith & Nephew, Inc., 2009 OK 36, 212 P.3d 484. This standard of review affords this Court with plenary, independent, and non-deferential authority to examine the issues presented. Frankenberg v. Strickland, 2015 OK 23, 348 P.3d 1076, citing Sheffer v. Carolina Forge Co., 2013 OK 48, 306 P.3d 544.

¶6 In a mandamus proceeding, we consider whether a public official can be required to perform an official act which does not involve an exercise of discretion. Thus, before a writ of mandamus may be issued, we must determine whether there is: (1) a clear legal right vested in the petitioner; (2) a refusal to perform a plain legal duty which does not involve the exercise of discretion; and (3) the inadequacy of other relief. Arbuckle Simpson Aquifer Protection Federation of Oklahoma, Inc. v. Oklahoma Water Resources Board, 2013 OK 29, 343 P.3d 1266; Hoskins v. Stevens, 1947 OK 311, 185 P.2d 911, 199 Okla. 297. In this case, we must decide whether the Board had a clear legal duty to pay Price's salary and retirement benefits for the period of suspension.[4]

POWERS OF THE BOARD OF COUNTY COMMISSIONERS

¶7 The statutory powers of the Board of County Commissioners are enumerated at 19 O.S. Supp. 2010, §339.[5] The statute contains no reference to a power given to the Board by the Legislature to suspend the salary of a sheriff. In fact, such action would be inconsistent with Oklahoma law. Under 22 O.S. 2011 §1194,[6] the Board may bring an action for removal of a county officer in the name of the county; however, the "district court shall have exclusive jurisdiction thereof; . . . ." When the complaint for removal is filed, the Board may request the court to suspend the county officer pending the investigation. See 22 O.S. 2011 §1195(1). It is the court, however, not the Board, which is given the power to do so.[7] Moreover, there is no mention in §1195(1) of a Board's authority to suspend salary or retirement benefits pending the outcome of the trial.

CONTENTIONS OF THE PARTIES

¶8 Price contends he is not subject to suspension of salary and retirement benefits because he was not convicted of a felony, citing 51 O.S. 2011 §24.1. He argues §24.1 provides that the conviction of a felony is required in order to suspend a county officer. However, §24.1 does not so provide. True, it provides for suspension when a felony occurs. However, it does not provide that officers found guilty of lesser criminal offenses cannot be suspended. This contention is rejected.

¶9 The parties rely on cases from this Court which appear to require different results. Price contends that Young v. Town of Morris, 1915 OK 1116, 150 P. 684, 47 Okla. 743, entitles him to receive his salary and retirement benefits for the time at issue here, i.e., from the time of suspension to the time of his removal from office. This Court held in Morris that the salary of an officer occupying an official position is attached to the office, not to the performance of the duties of the office. Thus, an absence from the employment does not necessarily suspend the salary and benefits, under Morris. The issue in the case was whether Young, the public official, abandoned his office by being absent from it. It was held that he did not. The Court stated:

The right of an officer to salary is such only as is prescribed by statute, and while he holds the office, such right is in no wise impaired by his occasional or protracted absence from his office, or the neglect of his duties. Such derelictions find their correction in the power of removal, impeachment, and punishment. (Emphasis added).

Town of Morris, supra, 150 P. at 686.

¶10 Conversely, the Board cites Board of County Commissioners of the County of Seminole v. Hutchison, 1965 OK 213, 400 P.2d 176, upon which the Court of Civil Appeals (COCA) relied in upholding the trial court in this case. COCA indicates that we reversed in Hutchison, supra, relying on State ex rel. Livingston v. Maxwell, 1960 OK 122, 353 P.2d 690, for the reason that Hutchison could not recover his salary during his suspension period when he performed no official duties of his office and where his suspension was never nullified.[8] However, we find Hutchison, supra, to be distinguishable to the present case. In Hutchison, a county attorney was temporarily suspended pending the outcome of his trial, and a new county attorney was appointed. He was found guilty on one charge, but a mistrial was declared as to the other ten charges. Later, after a second petition was filed on charges not previously raised, the judgment against Hutchison originating from the first petition was reversed. He sought to recover his salary from the time of suspension to the expiration of his term, but he was refused by the Board.[9] The Board argued that Hutchison could not claim his salary for that period, even though the judgment removing him from office was reversed, because: (1) he had agreed to the temporary suspension; and (2) he was still under suspension when his term of office expired.

¶11 In Hutchison, the reversal judgment by this Court did not ipso facto nullify or vacate the separate suspension order. Similarly, it is not contended in Hutchison that the suspension order merged into or was superseded by the removal. This is particularly true because charges were still pending at that time which could ultimately affect Hutchison's suspension and/or removal. In other words, deciding whether Hutchison was entitled to his benefits at that time was premature because additional allegations brought against him had not been adjudicated. It was therefore possible he would not have been removed from office. Therefore, Hutchison does not serve as a resolution for the case before us.

¶12 Moreover, 22 O.S. 2011 §1195[10] shows legislative intent that the suspension of a county officer's term of office is temporary in nature until a judgment is reached. It provides, in part:

(1) [T]he judge of the court may . . . order the suspension of the accused from the functions of his office until the determination of the matter. . . .If a suspension take place, the board of county commissioners may temporarily fill the office by appointment. . . . (emphasis added).

(2) A county officer . . . may voluntarily suspend himself from office by filing an election of suspension at any time after such complaint has been filed . . . . If upon trial such officer is found guilty, such temporary appointment shall remain in effect until a successor is duly qualified as provided by law, but if such officer is acquitted, such temporary appointment shall expire at that time, and the person so acquitted shall immediately resume his office. (emphasis added).

Thus, until a removal occurs, the county officer still holds the office. See 22 O.S. 2011 §1196:

The question of fact shall be tried as in other actions, and if the accused is found guilty, the judgment shall be entered removing the officer from his office and declaring the latter vacant . . . . (emphasis added).

¶13 Considered together, §§1195 and 1196 show legislative intent to indicate the temporary nature of a suspension until a judgment is entered requiring the removal of the officer. Until the outcome of the trial is known finding the officer guilty or not guilty of wilful neglect of duty, he or she is not removed from office. When the judgment of removal is filed, it is only then that the office is declared to be vacant. Until then, the de jure[11] officer still holds the designated office with all of the benefits and emoluments which are attached to it.[12]

 

CONCLUSION

 

¶14 We hold Appellee Board of County Commissions was without statutory authority to suspend the salary of Price pending the outcome of his trial. Pursuant to 19 O.S. 2011, §153, the Board had a statutory duty to pay Price's salary through the period of suspension until his removal on November 10, 2010. By suspending Price's salary, resulting in a suspension of his retirement benefits, as well, the Board acted outside its enumerated powers in 19 O.S. Supp. 2010 §339. The trial court erred when it denied Price's Petition for Alternative Writ of Mandamus.

¶15 The "removal" which is described in §1196 above indicates an action which is final. Price's removal from office took effect on November 10, 2010, at the time the judgment was filed. Therefore, Price's retirement pension vested, entitling him to take the appropriate and necessary steps to apply for retirement benefits associated with the office.

¶16 The opinion of the Court of Civil Appeals is vacated. The order of the trial court is reversed, and this case is remanded to the trial court with directions to grant relief in favor of Price.

OPINION OF COURT OF CIVIL APPEALS IS VACATED;
JUDGMENT OF THE TRIAL COURT IS REVERSED; REMANDED TO THE 
TRIAL COURT WITH DIRECTIONS

WATT, EDMONDSON, COLBERT, GURICH, JJ., LUMPKIN, S.J., HUDSON, S.J. - CONCUR

COMBS, V.C.J., KAUGER, TAYLOR, JJ. - DISSENT

REIF, C.J., WINCHESTER, J. - NOT PARTICIPATING

FOOTNOTES

[1] The Board of Pawnee County Commissioners voted on October 29, 2010, at a regularly scheduled meeting to suspend Appellant's pay. The minutes provide in pertinent part:

Motion by Pogue to follow the recommendation of District Attorney and to suspend pay of Commissioner and Sheriff, Seconded by Carter. Pogue and Carter vote Aye. Spears votes No. Carter stated this would be until after suspension and their insurance will be paid.

[2] Discussion of the facts surrounding Price's suspension, trial, and removal from office can be found at State of Oklahoma v. Price, 2012 OK 51, 280 P.3d 943 (2012), in which his removal from office was affirmed by this Court.

[3] The record indicates Price would be eligible for retirement benefits if he held the office of sheriff until November 1, 2010. The termination of his office on September 29, 2010 would prevent him from being eligible to apply for pension benefits.

[4] The term "suspend" indicates an interruption or delay and is defined:
To interrupt; to cause to cease for a time; to postpone; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption. To forbid a public officer, attorney, employee, or ecclesiastical person from performing his duties or exercising his functions for a more or less definite interval of time. Black's Law Dictionary, Revised Fourth Edition (1968).

"Suspension":
A temporary stop of a right, of a law, and the like. Thus, we speak of a suspension of the writ of habeas corpus, of a statute, of the power of alienating an estate, of a person in office, etc. (emphasis in original)

. . .
An ad interim stoppage or arrest of official power and pay; -not synonymous with "removal," which terminates wholly the incumbency of the office or employment. . . . Temporary withdrawal or cessation from public work as distinguished from permanent severance accomplished by removal . . . . (citations omitted). Black's Law Dictionary, Revised Fourth Edition (1968).

[5] The subsequent amendments to §339 in 2011, 2012, and 2013 do not affect its application to this case.

[6] We described the nature of removal proceedings in State v. Price, cited at footnote 2 herein:

The Oklahoma Criminal Code, 22 O.S. 2011 ch. 23, provides the procedure to remove an elected official from office. The proceedings are governed pursuant to 22 O.S.2011 §§ 1181-97, and removal proceedings are jury trials conducted as a misdemeanor criminal trial. Nevertheless, this Court has recognized that removal proceedings are not to be judged as strictly as a criminal indictment. (Footnotes omitted).

State of Oklahoma v. Price, 2012 OK 51, ¶10, 280 P.3d 943, 947.

[7] 22 O.S. 2011 §1195(1) provides in pertinent part:

(1) When the complaint for removal is filed, if, in addition to the matter charged as ground for removal, the complaint shall also pray that the officer charged be suspended from office pending the investigation, the judge of the court may, if sufficient cause appear from the charge or from the testimony, or affidavits then presented, order the suspension of the accused from the functions of his office until the determination of the matter. . . . (emphasis added).

[8] To the extent that paragraph 1 of the Syllabus by the Court, in Hutchison, supra, may be read to be inconsistent with this opinion, it is overruled.

[9] We make no determination whether the Board's refusal was justified in Hutchison for the reasons given. There was no reversal of the judgment in the present case, and it is unnecessary to consider the merits of the Board's defense in Hutchison as it applies to this case.

[10] Sections 1195 and 1196 are identical to the statutes in effect in 2010.

[11] "De jure": Of right; legitimate; lawful; by right and just title.

Black's Law Dictionary, Revised Fourth Edition (1968).

[12] When an officer sues in his own right to recover fees or salary due him by virtue of the office, he must show he is an officer de jure. See gen., Miller v. Board of County Com'rs of Beaver County, 1935 OK 429, 43 P.2d 734, 171 Okl. 553, citing Young v. Town of Morris, supra.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1947 OK 311, 185 P.2d 911, 199 Okla. 297, HOSKINS v. STEVENS
Discussed at Length
 1935 OK 429, 43 P.2d 734, 171 Okla. 553, MILLER v. BOARD OF COM'RS OF BEAVER COUNTY
Discussed at Length
 1960 OK 122, 353 P.2d 690, STATE v. MAXWELL
Discussed
 2009 OK 36, 212 P.3d 484, WILLIAMS v. SMITH & NEPHEW, INC.
Discussed
 2012 OK 51, 280 P.3d 943, STATE v. PRICE
Discussed at Length
 2013 OK 29, 343 P.3d 1266, ARBUCKLE SIMPSON AQUIFER PROTECTION FEDERATION OF OKLA., INC. v. OKLA. WATER RESOURCES BD.
Discussed
 2013 OK 48, 306 P.3d 544, SHEFFER v. CAROLINA FORGE COMPANY, L.L.C.
Discussed
 2015 OK 23, 348 P.3d 1076, FRANKENBERG v. STRICKLAND
Discussed
 1965 OK 213, 400 P.2d 176, BOARD OF COUNTY COMMISSIONERS v. HUTCHISON
Discussed
 1915 OK 1116, 150 P. 684, 47 Okl. 743, YOUNG v. TOWN OF MORRIS
Discussed
Title 19. Counties and County Officers
 Cite
Name
Level

 19 O.S. 339, General Powers of Board
Discussed
 19 O.S. 153, Salaries of County Officers, Clerks and Deputies
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1194, Presentation of Accusation by County Commissioners or Judge and Treasurer -Jurisdiction
Cited
 22 O.S. 1195, Suspension from Office for Trial - Change of Judge or Venue - Continuances - Filling Vacancy Temporarily - Voluntary Suspension of County Officers
Discussed at Length
 22 O.S. 1196, Removal Upon Finding of Guilty - Judgment
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 24.1, Suspension From Office or Employment Upon Conviction of Felony - Forfeiture of Office or Employment - Salary and Benefits
Cited