HELM v. BD. OF COUNTY COMMISSIONERS OF ROGERS COUNTY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HELM v. BD. OF COUNTY COMMISSIONERS OF ROGERS COUNTY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HELM v. BD. OF COUNTY COMMISSIONERS OF ROGERS COUNTY
2019 OK CIV APP 68
Case Number: 117455; Comp. w/117344
Decided: 10/21/2019
Mandate Issued: 11/14/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 68, __ P.3d __

 


MICHAEL EARL HELM, a.k.a. MIKE HELM, Petitioner/Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF ROGERS COUNTY, OKLAHOMA, Respondent/Appellee.
APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA
HONORABLE M. JOHN KANE, JUDGE
REVERSED
Stanley D. Monroe, Ann E. Keele, MONROE & KEELE, PC, Tulsa, Oklahoma, for Petitioner/Appellant, 
Benjamin Lepak, Assistant District Attorney, Claremore, Oklahoma, for Respondent/Appellee.
BRIAN JACK GOREE, CHIEF JUDGE:
¶1 Michael Earl Helm (Petitioner/Appellant) was suspended from his office as County Commissioner of Rogers County, Oklahoma. Afterward, he wrote a letter to the Board of County Commissioners of Rogers County (Respondent/Appellee) demanding back pay and benefits from the date of the suspension. The Board denied his request. Helm commenced an action in Rogers County asking the district court to issue an alternative writ of mandamus requiring Board to pay his salary, benefits, and interest in the performance of its duty pursuant to 19 O.S. §153.
¶2 The Board argued Helm's claim is barred by the Oklahoma Governmental Tort Claims Act because he did not comply with its notice provisions. The trial court agreed and granted the Board's motion to dismiss for failure to state a claim. 12 O.S. §2012(B)(6). Helm appealed. He argues the dismissal was erroneous because his action requests an extraordinary writ of mandamus and the GTCA does not apply. We review the order de novo because a motion to dismiss tests the law governing a claim. Dani v. Miller, 2016 OK 35, ¶10, 374 P.3d 779, 785-86. The legal question is whether Petitioner's claim is a tort within the meaning of 51 O.S. Supp. 2014 §152(14).
¶3 "Tort" is defined by the GTCA as:
A legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.
§152(14). Accordingly, we must examine the petition and analyze whether Helm is requesting relief, independent of contract, involving violation of a duty imposed by statute and within the meaning of the Governmental Tort Claims Act.
¶4 Helm filed a Petition for Alternative Writ of Mandamus. He alleges petition states, (1) he was suspended as County Commissioner of Rogers County, (2) The Board is charged with the duty of paying the salary and benefits of all county offices pursuant to 19 O.S. §153, and (3) the Board failed to perform its duty to pay his salary and benefits. Helm petitioned the Court to issue an alternative writ of mandamus requiring Board to perform its duty. If the relief sought is a statutory tort within the meaning of §152(14) then the action could be governed by the GTCA.
¶5 The County correctly points out that the Legislature broadened the scope of the GTCA by adding torts that derive from statutes. A statutory tort is a legislatively-crafted, non-contractual duty, unknown to the common law, for the breach of which an action ex delicto, will lie. Morgan v. Galilean Health Enterprises, Inc., 1998 OK 130, ¶8, 977 P.2d 357, 361. A liability created by statute, however, is not necessarily a tort. Sweeten v. Lawson, 2017 OK CIV APP 51, ¶24, 404 P.3d 885, 892-93 (a claim for statutory replevin is not a tort pursuant to the GTCA); Barton v. City of Midwest City, 2011 OK CIV APP 71, ¶¶23-24, 257 P.3d 422, 426 (a statutory proceeding for inverse condemnation is not a tort as defined by 51 O.S. §152(14).
¶6 In Price v. Board of County Commissioners of Pawnee County, 2016 OK 16, 371 P.3d 1089, the Supreme Court directed the trial court to grant relief to a county officer who had requested an alternative writ of mandamus requiring the Board of County Commissioners to perform its statutory duty to pay his salary and retirement benefits for the period of his suspension. Mandamus may be issued by a district court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. 12 O.S. §1451.
¶7 On the authority of Price we hold a writ of mandamus is the appropriate remedy for a county officer who claims that a board of county commissioners has failed to perform its duty required by Title 19 O.S. §153.
¶8 Title 19 of the Oklahoma Statutes regulates county government including county officers. Section 153 provides:
The salary of all county officers, their clerks and deputies, shall be paid either monthly or twice a month, out of the county treasury by order of the board of county commissioners: Provided, however, that no salary shall be allowed or paid until their reports are filed and approved by the board of county commissioners, as provided by law.
¶9 The Supreme Court has rarely recognized a private right of action for the violation of rights conferred by a statute. It is only when the terms of the statute are sufficiently clear to divine a legislative intent to fashion a private right of action that a statutory tort may be acknowledged. See Morgan, ¶8 (acknowledging the Nursing Home Care Act, 63 O.S. Supp. 1992 §1-1901 et seq. explicitly created a statutory tort with a private right of action).
¶10 A statute creating a private right of action, permitting a citizen to maintain an action to recover damages, is distinct from a regulatory (public-law) statute. See Holbert v. Echeverria, 1987 OK 99, 744 P.2d 960. A county's statutory duty to pay its officers a monthly salary out of the county treasury is regulatory in nature, and the district court is authorized to issue a writ of mandamus to compel its performance.
¶11 We hold that when the Legislature expanded the definition of "tort" in the Governmental Tort Claims Act, 51 O.S. §152(14), to include a "duty imposed by . . . statute" its intent was to include statutory torts that create a private right of action and not governmental regulatory laws. Therefore, Helm's petition requesting a writ of mandamus to compel the performance of 19 O.S. §153 was not an action in tort within the meaning of 51 O.S. Supp. 2014 §152(14) of the Oklahoma Governmental Tort Claims Act. The trial court's order granting the Board's motion to dismiss is REVERSED.
JOPLIN, P.J., and BUETTNER, J., concur.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 71, 257 P.3d 422, BARTON v. CITY OF MIDWEST CITY
Discussed
 2017 OK CIV APP 51, 404 P.3d 885, SWEETEN v. LAWSON
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 99, 744 P.2d 960, 58 OBJ 2887, Holbert v. Echeverria
Discussed
 2016 OK 16, 371 P.3d 1089, PRICE v. BOARD OF COUNTY COMMISSIONERS OF PAWNEE CO.
Discussed
 2016 OK 35, 374 P.3d 779, DANI v. MILLER
Discussed
 1998 OK 130, 977 P.2d 357, 70 OBJ 59, Morgan v. Galilean Health Enterprises, Inc.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1451, Writ of Mandamus - Issued - Function
Cited
 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited
Title 19. Counties and County Officers
 Cite
Name
Level

 19 O.S. 153, Salaries of County Officers, Clerks and Deputies
Discussed at Length
Title 51. Officers
 Cite
Name
Level

 51 O.S. 152, Definitions
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 1-1901, Short Title
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA