**Raymond L. CRAIN, Petitioner,**

v.

**TRW/REDA PUMP, Own Risk, and the Workers' Compensation Court, Respondents.**

**No. 70758.**

Supreme Court of Oklahoma.

July 17, 1990.

Richard A. Bell, Norman, for petitioner.

Rhodes, Hieronymus, Jones, Tucker & Gable by Jo Anne Deaton, Tulsa, for respondents.

HODGES, Justice.

One issue is presented in this case: whether actual knowledge of workers' compensation rights effects the tolling of the statute of limitations' provision of Okla. Stat. tit. 85 § 8 (1981) (repealed effective July 15, 1985).[1]

In August 1982, while working for TRW/REDA Pump (Respondent), Raymond L. Crain (Claimant) fell and injured

---

1. The terms of Okla.Stat. tit. 85, § 8 (1981) (repealed by 1985 Okla.Sess.Laws ch. 266, § 8) provide:

   Every employer subject to the provisions of the Workers' Compensation Act shall post and maintain in one or more conspicuous places a notice to its employees covering the rights and obligations of employees under the Workers' Compensation Act. Such notice shall be prepared by the Administrator and shall be supplied to employers at no cost....

   In the event an employer having notice of an injury neglects to advise the injured employee of the right to file a claim under the Workers' Compensation Act, the statute of limitations shall be tolled until such claim is filed....

his back. He went to see the company nurse who sent him to Dr. Allen, the company doctor. Then in December 1982, Claimant fell twice while on the job. He again went to see the company nurse. Both in August and December muscle relaxers were prescribed for his injuries. Claimant was laid off on December 13, 1985.[2] On April 15, 1987, he filed a Form 3.

After the accidents, Claimant alleged he was not informed by Respondent of his rights under the Workers' Compensation Act (the Act).[3] Claimant was employed as a supervisor for thirty to fifty employees. As part of his job responsibilities, Claimant instructed his subordinates in safety procedures and how to file Workers' Compensation claims. If any of Claimant's subordinates had been injured on the job, they would have reported their injury to Claimant. Claimant admitted that he was familiar with the procedures for reporting injuries.

The Workers' Compensation Court found that the claim was barred by the statute of limitations. The Court of Appeals reversed and held that Respondent's failure to inform Claimant of his rights under the Act tolled the running of the statute of limitations pursuant to Okla.Stat. tit. 85, § 8 (1981).

The Oklahoma Legislature has established a policy that compensation claims should be barred after a specified period of time.[4] This statute of limitations protects an employer from having to defend against stale claims. It is intended to run against claimants "who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof."[5] The Legislature intended that a defendant be given timely notice of a claim so that he can preserve the evidence and adequately prepare his defense.[6]

The statute of limitations for workers' compensation claims (Section 43) in effect at the time Claimant was injured provided that a compensation claim had to be filed within one year after the injury or be forever barred.[7] Section 8, which was an exception[8] to section 43, tolled the running of the statute of limitations indefinitely if "an employer [who had] notice of an injury neglect[ed] to advise the injured employee of the right to file a claim."[9] Absent this tolling provision, it is certain that Claimant's cause of action would have been barred when he filed his claim. However, the Claimant argues that, because his employer did not inform him of his rights, the statute of limitations in section 43 was tolled and his claim was timely filed.

The purpose of section 8 was to protect the injured employee's right to file a claim[10] and to prevent prejudice to the employee because of his lack of knowledge. The evidence presented to the Workers'

2. This is not a cumulative trauma case but involves specific or discrete injuries.

3. Okla.Stat. tit. 85, §§ 1–180 (1981).

4. Okla.Stat. tit. 85, § 43 (1981), the terms of which provide:
    The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator....
    Okla.Stat. tit. 85 § 43 (Supp.1985) provides in part:
    A. ... The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of the accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court....

5. *Special Indemnity Fund v. Barnes*, 434 P.2d 218, 221 (Okla.1967) ("Statutes of limitations are

statutes of repose, provided by the Legislature to prevent fraud, and to protect litigants from stale claims."); *Seitz v. Jones*, 370 P.2d 300, 302 (Okla.1962).

6. *C & C Tile Company, Inc. v. Independent School District Number 7 of Tulsa County*, 503 P.2d 554, 559 (Okla.1972).

7. Okla.Stat. tit. 85, § 43 (1981). When the Legislature repealed Okla.Stat. tit. 85, § 8 (1981), in 1985, it increased the statute of limitations to two years. *Id.* at § 43 (Supp.1985).

8. Exceptions to the statute of limitations are to be strictly construed. *Lake v. Lietch*, 550 P.2d 935 (Okla.1976).

9. Okla.Stat. tit. 85, § 8 (1981).

10. *Bennett v. Scrivner, Inc.*, 694 P.2d 932, 934 (Okla.1985).

Compensation Court clearly established that Claimant knew at the time of his injuries in 1982 what rights and benefits were available to him. Claimant testified that he had supervisory responsibilities for thirty to fifty people, including their workers' compensation claims. Even with his knowledge, Claimant waited until 1987, five years after his injury, to file a claim. Claimant was not prejudiced by the Respondent's failure to notify him of his rights. Given the purposes of section 8, we conclude that the Legislature did not intend for the statute of limitations to be tolled under the facts of this case.

This conclusion is consistent with the statutory scheme. Just as the Act required an employer who had actual knowledge of an injury to inform the injured employee of his rights, it required an employee to notify his employer within thirty days of an injury.[11] An employee's failure to give proper notice resulted in his claim being barred.[12] This failure was excused if the employer or the insurance carrier were not prejudiced thereby.[13]

In *Capitol Steel & Iron Co. v. Austin*,[14] the claimant was taken to the hospital by his foreman. Claimant was placed in intensive care for three weeks, remained in the hospital for six weeks, and was unable to return to work. The evidence established that the foreman knew claimant probably was suffering a heart attack, the foreman told the superintendent of claimant's attack, the superintendent took claimant to the hospital, and the superintendent told the personnel manager that claimant had been hospitalized because of a heart attack.

We held that, under the facts, the claimant's failure to give written notice was excused. This holding carries out the intent of the Legislature in the same way the holding we adopt today carries out the Legislative intent.

We hold that claimant's cause of action is barred by the statute of limitations.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; WORKERS' COMPENSATION COURT'S ORDER REINSTATED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER and SIMMS, JJ., concur.

ALMA WILSON and KAUGER, JJ., concur in part, dissent in part.

DOOLIN and SUMMERS, JJ., dissent.

---

**11.** The terms of Okla.Stat. tit. 85, § 24 (1981) provide:

> Notice of an injury for which compensation is payable under the Workers' Compensation Act shall be given to the Administrator and to the employer within thirty (30) days after injury, unless said injury be an occupational disease, in which case notice of injury shall be given to the Administrator and to the employer within eighteen (18) months from the date of last hazardous exposure or within three (3) months following the claimant's disablement to which he attributes the cause to be an occupational disease. Such notice may be given by any person claiming to be entitled to compensation, or by someone in his behalf.... The failure to give such notice, un-

less excused by the Administrator either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be has not been prejudiced thereby, shall be a bar to any claim under the Workers' Compensation Act.

Okla.Stat. tit. 85, § 24.2(A) (Supp.1986), currently in effect, provides that notice is to be given within sixty days.

