**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHERRY GIBSON, f/k/a Sherry Wynne,

      Plaintiff–Appellant,

and

WILLIAM MARK BONNEY, Chapter 13
Trustee,

      Plaintiff–Amicus Curiae,

v.

LAWRENCE W. PARISH; JEREMY T.
PITTMAN, both individually and d/b/a
Tolle & Parish.

      Defendants–Appellees.

No. 08-7103
(D.C. No. 6:07-CV-00422-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

      * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After Sherry Gibson filed for bankruptcy, two of her attorneys submitted a proof of claim for unpaid legal fees and received payment from the bankruptcy estate. Nearly four years after the proof of claim was filed, Gibson sued those attorneys in federal district court asserting claims for breach of contract and malpractice, and an objection to the proof of claim. The district court dismissed the action as time-barred. Gibson now appeals.

Gibson argues that Okla. Stat. tit. 12, § 2013(C), which states that a "counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed," makes her claim timely. Under Gibson's theory, her claims should be characterized as "counterclaims" to the attorneys' proof of claim filed in the bankruptcy court. We agree with the district court that § 2013(C) applies only to counterclaims that were barred at the time the corresponding claims were filed. Because Gibson's claims were not barred at the time the proof of claim was filed, the Oklahoma statute does not apply. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

**A**

In 2001, Gibson's home was foreclosed upon.[1] She hired Lawrence Parish and Jeremy Pittman of the law firm Tolle & Parish to defend her in the foreclosure action.

---

[1] Because this case was dismissed under Fed. R. Civ. P. 12(b)(6), we must accept as true all well-pled facts in Gibson's complaint. Russell v. United States, 551 F.3d 1174, 1178 (10th Cir. 2008). The facts are recited here in a manner consistent with that standard.

Following a bench trial, the court found against Gibson, foreclosed her mortgage, and awarded attorneys' fees and costs to the mortgagee. Gibson filed a notice of appeal through Tolle & Parish, but was unable to post a bond to stay execution of the judgment; a special execution was issued on October 7, 2003.

On December 1, 2003, Gibson filed a Chapter 13 bankruptcy petition through different counsel. An automatic stay was filed in the foreclosure case shortly thereafter. Gibson listed a "Potential Legal Malpractice claim" valued at $60,000 in her schedule of personal property. On January 28, 2004, Tolle & Parish filed a proof of claim in the bankruptcy case for unpaid legal fees of $11,762.19. No objection to this proof of claim was filed in the bankruptcy case. Tolle & Parish was later paid in full from the bankruptcy estate.

Gibson's bankruptcy plan was approved on October 29, 2004. Under the plan, Gibson reserved the right to bring actions for affirmative relief against creditors if such actions were filed by "the later of two years from the date of the petition or the expiration of the applicable statute of limitations, whichever [was] later."

Despite Gibson's bankruptcy and potential malpractice claim, Tolle & Parish continued to represent Gibson in her foreclosure appeal. The state court of appeals affirmed the judgment on July 12, 2005. Gibson then hired new counsel, who filed a motion to reconsider and a petition for certiorari. Certiorari was denied on November 14, 2005. The mandate issued on December 7, 2005, and was filed with the trial court five days later.

**B**

On December 6, 2007, Gibson and the standing bankruptcy trustee for the Eastern District of Oklahoma, Mark Bonney, filed suit against Parish and Pittman individually and doing business as Tolle & Parish in federal district court. Gibson advanced three claims: (1) an objection to Tolle & Parish's proof of claim in the bankruptcy case; (2) breach of contract, a claim that was later abandoned; and (3) professional negligence. Each claim was based on Tolle & Parish's conduct during the foreclosure action. Bonney sued in his capacity as bankruptcy trustee to recover the funds paid to Tolle & Parish from the bankruptcy estate.

Tolle & Parish filed a motion to dismiss, claiming that the suit was barred by Oklahoma's two-year statute of limitations, claim preclusion, issue preclusion, and waiver. The parties agreed that the claims were subject to a two-year limitations period but disputed whether Okla. Stat. tit. 12, § 2013(C) applied.[2] That statute provides:

> Where a counterclaim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed, and the counterclaimant shall not be precluded from recovering an affirmative judgment.

Id. Gibson argued that her claims were counterclaims to Tolle & Parish's proof of claim

---

[2] Gibson also argued that the two-year statute of limitations began to run on December 12, 2005, when the mandate in the foreclosure action was filed with the trial court, rather than November 14, 2005, when the Oklahoma Supreme Court denied certiorari. The district court rejected this argument and Gibson does not challenge the court's conclusion on appeal.

filed in the bankruptcy action, and thus fell within the ambit of the statute.

Considering the motion by consent of the parties, a magistrate judge ruled that the suit was time-barred. She held that § 2013(C) is procedural and thus inapplicable in federal court, and that the statute would not save Gibson's suit even if it had been filed in state court. Judgment was entered in favor of Tolle & Parish, and Gibson timely appealed.

## II

We review de novo a district court's grant of a motion to dismiss. Russell v. United States, 551 F.3d 1174, 1178 (10th Cir. 2008). Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). When the application of a statute of limitations is based on undisputed facts, our review of the district court's determination is de novo. Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). A district court's interpretation of state law is also reviewed de novo. United States v. Grasso, 369 F.3d 1139, 1144 (10th Cir. 2004).

The court provided two independent bases for dismissal: (1) § 2013(C) is procedural in nature and thus inapplicable in federal court under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938); and (2) Gibson's claim falls outside the scope of § 2013(C) because the statute applies only when a counterclaim was time-barred at the

- 5 -

time the corresponding claim was filed.

## A

The first basis for dismissal was error. The court correctly ruled that Oklahoma's statute of limitations applies to this diversity action, but it failed to employ the long-standing rule that a federal court must adopt state tolling and revival provisions along with statutes of limitations. See Chardon v. Fumero Soto, 462 U.S. 650, 657 (1983); Thomas v. Denny's, Inc., 111 F.3d 1506, 1513 (10th Cir. 1997). "In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. In borrowing a state period of limitation . . . a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto . . . ." Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 464 (1975).

There may be exceptions to this doctrine, such as when a state rule would violate federal constitutional rights or otherwise conflict with federal law, but the parties advance no such rationale here. Further, this court has previously held that Fed. R. Civ. P. 13(a), the federal rule regarding compulsory counterclaims, "reflects no federal policy on" the tolling or revival of counterclaims. Fed. Deposit Ins. Corp. v. Palermo, 815 F.2d 1329, 1340 (10th Cir. 1987) (citation omitted). Accordingly, the tolling or revival provisions of § 2013(C) should be applied in Gibson's federal case.

## B

With respect to the district court's alternative basis for dismissal, we affirm.

- 6 -

Gibson's untimely claims cannot be rescued by § 2013(C).

**1**

Gibson concedes that her action was not filed within two years of the date her malpractice claim accrued and is therefore barred pursuant to Okla. Stat. tit. 12, § 95(A)(3) absent tolling or revival. However, she argues that § 2013(C) revives or tolls her malpractice claim because, when coupled with an objection to a proof of claim, the malpractice claim is treated as a counterclaim. Under this theory, Tolle & Parish's proof of claim filed in the bankruptcy case was the "claim." Gibson and Bonney's objection to that proof of claim, filed along with the malpractice claim several years later in the district court, is a "counterclaim." Further, because Gibson's malpractice claim was coupled with the objection, it too is treated as a "counterclaim."

This theory finds some support in the case law. In <u>In re Peterson</u>, 93 B.R. 323 (Bankr. Vt. 1988), a bankruptcy debtor objected to a proof of claim and filed an adversary proceeding complaint listing additional causes of action. <u>Id.</u> at 324. Considering whether the statute of limitations had run on a fraud claim, the court noted that Vermont law permits a compulsory counterclaim to be revived after the statute of limitations has run. It then held:

> The [plaintiffs'] action is in the nature of a counterclaim sufficient to bring it within the realm of [the Vermont statute] because [defendant] filed a proof of claim. When a debtor objects to a proof of claim and joins a claim with the objection that claim becomes an adversary proceeding. The [plaintiffs'] claim is in response to a proof of claim, therefore, it is in the nature of a counterclaim.

Id. at 328 (citation omitted).  For this proposition, the court cited to the advisory notes to Bankruptcy Rule 3007, which provide:

> The contested matter initiated by an [o]bjection to a claim is governed by Rule 9014, unless a counterclaim by the trustee is joined with the objection to the claim.  The filing of a counterclaim ordinarily commences an adversary proceeding subject to the rules in Part VII. is characterized as a counterclaim.

Id. (emphasis omitted).

Other courts appear to be in accord.  In In re Ferris, 764 F.2d 1475 (11th Cir. 1985), the Eleventh Circuit agreed that a similar claim brought by a debtor was "in the nature of a counterclaim against the [proof of] claim filed by" a creditor in a bankruptcy case.  Id. at 1477.  In Kline v. Zueblin (In re American Export Group International Services), 167 B.R. 311 (Bankr. D.C. 1994), the court held that a proof of claim is "analogous to a complaint filed in the District Court" and thus a "proof of claim is properly viewed as a complaint and the debtor's adversary proceeding as a counterclaim to that complaint."  Id. at 313; accord In re Answerfone, 67 B.R. 167, 168 (Bankr. E.D. Ark. 1986); In re Mktg. Res. Int'l Corp., 43 B.R. 71, 72 (Bankr. E.D. Pa. 1984).  These cases rely in part on 28 U.S.C. § 157(b)(2)(C), which defines "core" bankruptcy proceedings to include "counterclaims by the estate against persons filing claims against the estate."

**2**

Assuming without deciding that Gibson's suit can properly be treated as advancing counterclaims, we conclude that the district court's dismissal was nonetheless

appropriate. The district court held that § 2013(C) applies only to counterclaims that were expired at the time the petition was filed. Under Gibson's theory of the case, the "petition"[3] was Tolle & Parish's proof of claim, filed in the bankruptcy case on January 28, 2004. Gibson's malpractice claim did not expire until November 14, 2007, two years after the foreclosure action against her became final. Accordingly, the district court held, Okla. Stat. tit. 12, § 2013(C) does not aid Gibson.

"When interpreting a state statute in a diversity case, this court must apply state rules of statutory construction." United Rentals Nw., Inc. v. Yearout Mech., Inc., 573 F.3d 997, 1001 (10th Cir. 2009). Under Oklahoma law, a court's primary goal in construing a statute is to determine the legislature's intent. See Russell v. Chase Inv. Servs. Corp., 212 P.3d 1178, 1185 (Okla. 2009). "If the legislative intent is clear from a statute's plain and unambiguous language, [courts] need not resort to rules of statutory construction." Benjamin v. Butler (In re Estate of Jackson), 194 P.3d 1269, 1273 (Okla. 2008).

The statute at issue provides that a "counterclaim shall not be barred by a statute of limitation notwithstanding that it was barred at the time the petition was filed." § 2013(C). Gibson argues that the district court erred by construing the word "notwithstanding" to mean "only if" rather than "even if." In her view, the phrase

---

[3] In Oklahoma state court a "petition" is roughly equivalent to a complaint filed in federal court. See Okla. Retail Grocers Ass'n v. Wal-Mart Stores, Inc., 605 F.2d 1155, 1156 (10th Cir. 1979).

"notwithstanding that it was barred at the time the petition was filed" is a clarification rather than a limitation. Under this construction, the statute would permit the filing of all counterclaims, even if the counterclaim was barred at the time a petition was filed.

Unsurprisingly, Tolle & Parish endorses the district court's reading of the statute, arguing that § 2013(C) unambiguously revives only counterclaims that were "barred at the time the petition was filed." Using this interpretation, "notwithstanding" does not mean "even if," but continues the description of the subject of the statute.

We conclude that both readings are reasonable. Looking only to the ordinary meaning of the words used in the statute, one could sensibly credit either interpretation. Accordingly, the statute is ambiguous. See Ford v. Okla. Tax. Comm'n, 285 P.2d 436, 437 (Okla. 1955) (statute is ambiguous when "reasonable minds might be uncertain or disagree as to its meaning"). "Where a statute's meaning is ambiguous or unclear, we employ rules of statutory construction to give the statute a reasonable construction that will avoid absurd consequences." Estes v. ConocoPhillips Co., 184 P.3d 518, 525 (Okla. 2008).

**3**

Employing Oklahoma's rules of statutory construction, we conclude that Tolle & Parish has the better argument for four reasons.[4]

---

[4] We are, of course, bound to apply the Oklahoma Supreme Court's interpretation of Oklahoma statutes. See United States v. DeGasso, 369 F.3d 1139, 1145 (10th Cir. 2004). However, the Oklahoma Supreme Court has not decided the issue presented. We

Continued . . .

First, dictionary definitions of the word "notwithstanding" tend to support Tolle &

Parish's interpretation. Cf. In re Okla. Unif. Jury Instructions for Juvenile Cases, 116

P.3d 119, 154 (Okla. 2005) (using dictionary definition to interpret ambiguous statutory

language). Although Gibson argues that "notwithstanding" means "even if," she does not

cite to any dictionary to support her argument, and we have found none adopting that

definition. Instead, both parties cite to Webster's New World Dictionary (2d college ed.

1974), which defines "notwithstanding" to mean "in spite of the fact that." Id. at 974.

That definition comports with those we have found in our independent research. See

Webster's 3d New Int'l Dictionary Unabridged 1545 (1993) (defining "notwithstanding"

as "without prevention or obstruction from or by," "in spite of," nevertheless," or

"although").

Substituting the definition advanced by both parties for the term "notwithstanding"

---

must therefore attempt to predict how it would hold using Oklahoma's rules of statutory
construction. See id. at 1145.

Although both parties cite to dicta in Oklahoma case law, such scattered
statements are not useful in determining the statute's meaning. Gibson points to United
States v. Hobbs, 921 P.2d 338 (Okla. 1996), in which the court stated that § 2013(C)
"provides that a counterclaim arising out of the same transaction or occurrence as the
petition shall not be barred by a statute of limitations." Id. at 342. She also cites to
Pangaea Exploration Corp. v. Ryland, 173 P.3d 108 (Okla. Civ. App. 2007), which noted
that § 2013(C) "provides that where a counterclaim and the claim of the opposing party
arise out of the same transaction, the counterclaim shall not be barred by a statute of
limitation, unless the counterclaim was barred before the plaintiff's claim arose." Id. at
112. Tolle & Parish counter that the Hobbs court also stated that the statute "allows
counterclaims arising from the claim of the opposing party to be asserted although the
limitations period has expired when the petition is filed." Hobbs, 921 P.2d at 342. Yet
these cases did not consider a counterclaim that was timely when the corresponding claim
was filed. The courts merely used shorthand to note the content of the statute.

- 11 -

in the statute, it would read:  Where a counterclaim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation in spite of the fact that it was barred at the time the petition was filed, and the counterclaimant shall not be precluded from recovering an affirmative judgment. This sentence says nothing about counterclaims such as Gibson's that were not barred at the time the petition was filed.  Instead, it discusses only those counterclaims that were barred at the time the petition was filed.  The "it" following "notwithstanding that" refers to the "counterclaim"—the subject of the statute.  But the "counterclaim," referenced in the statute (and thus the statute itself) is limited to certain counterclaims:  those that "arise out of the same transaction or occurrence" as the corresponding claim, and that were "barred at the time the petition was filed."  § 2013(C).  If the phrase "even if" were substituted for the term "notwithstanding," it would imply that the statute applies to counterclaims other than those that were barred at the time the petition was filed, but "in spite of the fact" does not carry the same connotation.  Because the dictionary definition of "notwithstanding" includes "in spite of the fact" but not "even if," the dictionaries support Tolle & Parish.

Second, under Oklahoma law "statutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory."  State ex rel. Thompson v. Ekberg, 613 P.2d 466, 467 (Okla. 1980). If we were to adopt Gibson's reading, the words "notwithstanding that it was barred at the time the petition was filed" would be superfluous.  Gibson's construction could be

- 12 -

achieved by a statute that simply stated: "Where a counterclaim and the claim of the opposing party arise out of the same transaction or occurrence, the counterclaim shall not be barred by a statute of limitation . . ., and the counterclaimant shall not be precluded from recovering an affirmative judgment." § 2013(C).[5]

Third, Oklahoma courts have adopted the rule that "[e]xceptions to statutes of limitation are strictly construed." Resolution Trust Corp. v. Grant, 901 P.2d 807, 813 (Okla. 1995); see also Crain v. TRW/REDA Pump, 794 P.2d 757, 758 n.8 (Okla. 1990); Hoskins v. Stevens, 185 P.2d 911, 914 (Okla. 1947). Because § 2013(C) provides such an exception, we must interpret it narrowly. Doing so leads to the conclusion that it applies only to counterclaims that were barred when the petition was filed.

Fourth and finally, Tolle & Parish's interpretation is more consistent with the policies underlying statutes that permit the filing of certain untimely counterclaims. Statutes of limitations are designed to prevent "stale claims from springing up at great distances of time and surprising parties, or their representatives, when all the proper

---

[5] We also note that Okla. Stat. tit. 12, § 2013(E) may describe Gibson's counterclaim better than subsection C. Subsection E provides that a "claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim or a cross-claim by supplemental pleading." Had Tolle & Parish's proof of claim been filed as a petition in Oklahoma state court (pursuing the analogy underlying Gibson's theory of the case), Gibson's counterclaims would have been due forty days later, on March 8, 2004. See Okla. Stat. tit. 12, § 2013(A). Gibson's malpractice claim matured on November 14, 2005. Accordingly, if § 2013(E) applied to her counterclaim she would have been required to obtain court permission to file. Because subsection C permits the filing of an untimely counterclaim without court permission, Gibson's interpretation would render subsection E a nullity in certain cases.

vouchers and evidences are lost, or the facts have become obscure from the lapse of time or the defective memory or death or removal of witnesses." Adams v. Coon, 129 P. 851, 853 (Okla. 1913). This rationale is less availing with respect to untimely counterclaims arising from the same transaction or occurrence as a plaintiff's claim because "the necessarily close relationship between the timely claim and the untimely counterclaim should [e]nsure that the latter is not 'stale' in the sense of evidence and witnesses no longer being available; they should be as accessible for adjudicating the counterclaim as they are for the main claim." 6 Charles Alan Wright et al., Federal Practice & Procedure: Civil 2d § 1419, at 153 (1990). Yet Gibson's reading would permit her to file a counterclaim years after the corresponding claim was resolved. By focusing on the date the corresponding claim is filed, the statute ensures that this policy is satisfied without also rescuing counterclaims that are more stale than the plaintiffs' claims.

The dissent agrees that the statute is ambiguous, but suggests that our interpretation "actually preserves the stalest claims while barring the least stale." (Dissenting Op. 2.) But it is the staleness of the counterclaim in relation to the corresponding claim that is critical, not the staleness of a counterclaim in relation to other counterclaims.

The dissent also relies on committee comments to support its position that § 2013(C) permits the filing of any counterclaim. Yet we think it extremely unlikely that the committee had the present scenario in mind when it made the seemingly broad statements cited by the dissent. Indeed, the same committee notes state that "[a]ll claims

- 14 -

that a defendant can assert against a plaintiff are called counterclaims." Okla. Stat. tit. 12, § 2013, 1993 committee comment to Section 2013. Gibson's claims do not fit this definition; she is not a defendant in this action. Rather than searching for interpretive guidance in committee notes or legislative history, we must construe the words the legislature chose, using Oklahoma's rules of statutory interpretation. As discussed <u>supra</u>, these canons compel the conclusion that § 2013(C) permits only the filing of counterclaims that were barred when the corresponding claim was asserted.

## III

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

08-7103, <u>Gibson v. Parish</u>
**McKAY**, Circuit Judge, *concurring in part and dissenting in part*.

———————————————

I join the majority's opinion with two exceptions. First, I would settle the issue of how to classify Ms. Gibson's malpractice claim by holding that it, coupled with her objection to Tolle & Parish's proof of claim, constitutes a counterclaim. Second, I respectfully dissent from the opinion so far as it deals with the meaning of "notwithstanding." I agree with the majority that the term "notwithstanding" is ambiguous as used in the statute. Therefore, to determine the meaning of the word we must consider how it is used "in the context of the statute" at issue, *Consol. Grain & Barge Co. v. Structural Sys., Inc.*, 212 P.3d 1168, 1175 (Okla. 2009), to arrive at a meaning "consistent with the real or obvious purpose of the legislative enactment," *World Pub. Co. v. White*, 32 P.3d 835, 842 (Okla. 2001). To resolve this ambiguity the majority has attached too much importance to a general definition of "notwithstanding," divorced from the context in which it is used here.

The intent of the legislature in enacting this statute, as articulated in the advisory committee comments on the rule, was to "permit[] a defendant to assert *any* counterclaim that he has against the plaintiff that arose out of the transaction or occurrence that is the basis of the plaintiff's claim. . . . [T]he statute of limitations has no effect on the defendant's right to recover." Okla. Stat. tit. 12, § 2013, 1993 committee comment to Section 2013 (emphasis added). In accordance with this intent, the statute says that a counterclaim shall not be barred by a statute of limitations. That is the mandate; what follows is merely a clarification. The governing limiting factor in the statute is whether

there is a counterclaim, not whether the statute ran before or after the petition was filed.

It makes perfect sense that the intent of the Oklahoma legislature was to preserve counterclaims "even if" the statute of limitations had run at the time the petition was filed. *See* J.J. Rodale, The Synonym Finder 789 (Laurence Urdang & Nancy LaRoche eds., 1978) (listing "even if" and "regardless of" as synonyms of "notwithstanding"); Webster's Collegiate Thesaurus 510 (1988) (listing "regardless of" as a synonym of "notwithstanding"); *cf. Conoco, Inc. v. Skinner*, 970 F.2d 1206, 1224 (3d. Cir. 1992) (holding, in a different context, that "courts must discern the meaning of 'notwithstanding' from the legislative history, purpose, and structure of the entire statute").

In justifying its interpretation, the majority has cited concerns that interpreting "notwithstanding" as a clarification rather than a limitation would "permit [a party] to file a counterclaim *years* after the corresponding claim was resolved." Majority Op. at 14. However, in my mind, all the discussion of the evils of staleness cuts the other way; indeed, the majority's interpretation actually preserves the stalest claims while barring the least stale. For example, imagine that P files a petition against D, who has a proper, non-time-barred counterclaim arising from the same transaction or occurrence as P's claim, but before D can file a responsive pleading asserting her counterclaim the statute of limitations runs, barring her claim. Under the majority's interpretation of Section 2013(C), D would now not be able to assert her claim, even though it was not stale at the time P's claim was filed. Such an interpretation of the statute clearly "defeat[s] the real

or obvious purpose of [the] legislative enactment," *TRW/Reda Pump v. Brewington*, 829 P.2d 15, 20 (Okla. 1992), and for that reason I cannot join this portion of the majority's opinion. *See Dean v. Multiple Injury Trust Fund*, 145 P.3d 1097, 1101 (Okla. 2006) ("If the statute is ambiguous or its meaning uncertain, it is to be given a reasonable construction, one that will avoid absurd consequences, if this can be done without violating legislative intent."). It makes no sense to save the staler claims, while allowing the fresher ones to die.